### HALL v. UNITED STATES.
### No. 8000.

Circuit Court of Appeals, Ninth Circuit.
June 29, 1936.

HANEY, Circuit Judge, dissenting.

Earl & Hall & Gerdes and Chaffee E. Hall, all of San·Francisco, Cal., for appellant.

Robert H. Jackson, Asst. Atty. Gen., and Sewall Key, F. A. LeSourd, and E. F. Mc-Mahon, Sp. Assts. to Atty. Gen., and H. H. McPike, U. S. Atty., and Esther B. Phillips, Asst. U. S. Atty., both of San Francisco, Cal., for the United States.

Before WILBUR, MATHEWS, and HANEY, Circuit Judges.

WILBUR, Circuit Judge.

We adopt the following statement of the facts and issues as prepared by Judge Haney:

"This appeal is taken from a judgment in an action brought by appellant to recover the sum of $1, alleged to have been illegally collected from him as an 'admission' tax. Appellee filed a demurrer to the complaint which was sustained, and the judgment was entered after appellant failed to amend.

"It is alleged in the complaint that appellant, on May 5, 1930, paid to the Associated Students of the University of California $100 and received a certain booklet containing 'scrip coupons' and a written agreement of the parties. The material provisions of the agreement are:

"1. The registered owner hereof has the option to purchase at the established price two tickets * * * for each California-Stanford football game * * * during the academic years 1931-1932 to 1940-1941, inclusive, paying therefor either in cash or scrip.

"2. Subject to the conditions herein stated the scrip contained herein will be redeemed at face value in payment for tickets. * * *

"3. In no event will scrip be redeemed in cash."

Other provisions referred to the "rights represented hereby." Each of the scrip coupons contained the words "value 50 cents."

"It is further alleged that on August 10, 1932, appellant applied for and thereafter received two tickets to the California-Stanford football game played on November 19, 1932, from said Associated Students, which had an established price of $5 each; that he surrendered twenty of said scrip coupons, but was required to pay $1 for an admission tax prior to his receipt of the tickets; that the Associated Students made a return to the Commissioner of Internal Revenue, and included in the return the amount paid by appellant; that the amount of tax shown to be due by said return was duly paid. It also appears from the complaint that appellant made claim for a refund of the $1 paid, which claim was rejected by the Commissioner.

"The Revenue Act of 1932 levied 'a tax of 1 cent for each 10 cents or fraction thereof of the amount paid for admission to any place, including admission by season ticket or subscription, to be paid by the person paying for such admission.' (Chapter 209, § 711 [26 U.S.C.A. § 940 note]).

"Art. 1 of Treasury Regulations 43, effective with respect to the Revenue Act of 1932, provides that 'This tax applies to the payment for admission, not to the admission itself, and as soon as payment for admission is made the tax attaches. * * * The amount paid for admission to any place is the amount which must be paid to the person controlling such admission in order to secure that privilege.' Art. 3 provides that 'the tax is imposed on the amount paid for admission to any place,' and applies to the amount which must be paid in order to gain admission to a place. The term 'admission' means the right or privilege to enter into a place.

"Both parties concede that there is only one question involved. Was 'the amount paid for admission' paid at the time of the receipt of the scrip, or at the time the tickets were obtained? If payment for admission occurred when the scrip was received, the tax is illegal.

"Appellant contends that 'the contract gave him the right to admission to certain athletic games upon paying, in cash or scrip, the established price of tickets thereto. * * * When appellant parted with his cash in 1930 he paid, and since he thereby became entitled to admission without further payment, his initial and only payment was a payment for admission.' Appellant concedes that there was an 'amount paid' in 1930. The question is thus limited to whether or not such amount paid was 'for admission.' "

The scrip book received by the purchaser when he paid his $100 was nothing more nor less than evidence that the sum of $100 had been paid for two admissions per annum for ten successive years. The scrip issued had no other purpose and no other value than to evidence the fact of such payment. The purpose of surrendering scrip for a ticket was evidently a matter of convenience in arranging reservations for the particular game. The payment for admission occurred at the time the $100 was paid and not at the time the scrip coupons were surrendered. It is quite immaterial that the arrangement made at the time of the purchase of the scrip involved the exchange of scrip for a ticket. The only payment made by the scrip holder was made when he surrendered his money for the purpose of securing admission to the games referred to in the agreement.

Reversed.

HANEY, Circuit Judge (dissenting).

The statement of facts set out in the majority opinion suffices for what is hereinbelow said. The question as there stated is whether or not the amount paid by appellant was "for admission."

The regulations quoted show that the term "admission" means the right or privilege to enter into a place.

For the reasons hereinafter stated, I dissent from the holding of the majority, that "the payment for admission occurred at the time the $100 was paid and not at the time the scrip coupons were surrendered."

There is no allegation that appellant had a right or privilege to enter the stadium on the scrip alone, without a ticket. The inference from the provisions of the contract quoted, if there is any inference at all, is that a scrip holder did not have a right to enter the stadium without a ticket. In the absence of an allegation that the scrip purchased by appellant entitled him to entry without a ticket, I am of the opinion that his complaint fails to state a cause of action, for it does not disclose that the amount paid was for "admission" as defined by the Regulations, but for "scrip." Appellant would be entitled to a refund only if in 1930 he paid for "admission," but his allegations are that he paid for scrip.

The mere fact that appellant paid money in 1930 is not significant in determining when he paid for admission. He might have bought a bond, uncoined gold or silver, or a commodity such as wheat, and used it in 1932 as he did the scrip. But appellant could not obtain a refund unless such article was "the right or privilege to enter into a place." The judgment should be affirmed, and I therefore dissent from the holding to the contrary by the majority.